

# Fourth Court of Appeals
## San Antonio, Texas

October 7, 2016

No. 04-16-00512-CV

**IPSECURE INC.**,
Appellant

v.

James **CARRALES**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-02257
Honorable Peter A. Sakai, Judge Presiding

# O R D E R

On August 8, 2016, the trial court signed an order entitled "Order on Temporary Injunction (Second Temporary Injunction)," requiring appellant IPSecure, Inc. to pay appellee Jesse Carrales bi-monthly salary and car payments as well as dental and vision insurance until October 17, 2016, the current date set for a pending trial on the merits. On August 10, 2016, appellant filed in this court an emergency motion for temporary stay of the second temporary injunction as well as a motion challenging the trial court's August 8, 2016 order, which also denied its request to increase bond, or in the alternative, supersede the enforcement of the second temporary injunction.

After review, we granted appellant's motion for temporary stay of the August 8, 2016 order and ordered the trial court's August 8, 2016 order stayed until further order of this court. We explained that appellant's underlying motion challenging the trial court's denial of its request to increase the bond, or in the alternative, supersede the enforcement of the second temporary injunction remained pending in this Court. We further ordered appellee to file in this court on or before August 22, 2016, a response to appellant's pending motion.

On August 22, 2016, appellee filed its response to appellant's pending motion. Thereafter, appellant filed a reply. After reviewing the motion, response and reply, we granted appellant's request to supersede the enforcement of the second temporary injunction and ordered appellant to deposit into the court registry the cash payments ordered *in the August 8, 2016 temporary injunction order* until this court's mandate issues in this appeal or until further order of this court.

Appellant has now filed a Rule 24.4 motion challenging the trial court's October 5, 2016 order, which set the amount of supersedeas bond to be deposited with the Bexar County District Clerk — in order to suspend enforcement of the August 8, 2016 temporary injunction order — at $136,093.32. *See* TEX. R. APP. P. 24.4. Appellant contends this amount is excessive because it includes amounts pre-dating the August 8, 2016 order. More specifically, appellant contends the October 5, 2016 order setting the amount of the supersedeas bond includes amounts due under the trial court's *first* temporary injunction order, which this court declared void and dissolved in June 2016. *See IPSecure, Inc. v. Carrales*, No. 04-16-00005-CV, 2016 WL 3342108, *4 (Tex. App.—San Antonio June 15, 2016, no pet.) (mem. op.) The trial court's October 5, 2016 order specifically mandates that appellant deposit $136,093.32, "representing bi-monthly payments for Plaintiff James Carrales in the amount of $11,341.11 due under the Court's Temporary Injunction for payments [sic] April 15, 2016; April 30, 2016; May 15, 2016; May 30, 2016: June 15, 2016; June 30, 2016; July 15, 2016; July 30, 2016; August 15, 2016; August 30, 2016: September 15, 2016; and September 30, 2016." Appellant contends the amount due should be decreased to exclude any payments due under the first temporary injunction, i.e., the amount due should be decreased by $90,728.88 — the amount of payments predating the August 8, 2016 temporary injunction order, because: (1) the August 8, 2016 temporary injunction order does not require retroactive payments, stating only that appellant is enjoined from "failing or refusing to pay Plaintiff his bi-monthly compensation . . . pending trial on the merits[;]" and (2) the August 8, 2016 temporary injunction order necessarily requires appellant to make payments under the first temporary injunction order, which this court held was void. *See IPSecure, Inc.*, 2016 WL 3342108, at *4. In addition to dissolving the first temporary injunction order, we ordered the trial court's May 4, 2016 enforcement order, which required appellant to make payments under the first temporary injunction order, vacated. *Id.*

Based on the foregoing, appellant asks that this court to: (1) grant its request immediately stay the trial court's October 5, 2016 order to the extent it requires appellant to deposit $90,728.88, representing amounts due before the rendition of the August 8, 2016 temporary injunction order; and (2) direct the Bexar County District Clerk to accept $45,364.44 as appellant's initial deposit. After review, we **GRANT** appellant's motion for emergency partial stay of the October 5, 2016 order to the extent it requires appellant to deposit $90,728.88, and **ORDER** the Bexar County District Clerk to accept $45,364.44 on or before October 10, 2016, as an initial deposit to suspend the enforcement of the August 8, 2016 temporary injunction order. The trial court's October 5, 2016 order is partially stayed, as described above, until further order of this court. We further **ORDER** appellee to file a response in this court on or before **October 12, 2016**.

We **order** the clerk of this court to service a copy of this order on the trial court, the Bexar County District Clerk, and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of October, 2016.

_____
Keith E. Hottle
Clerk of Court